IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ANDREA DUHREAL FLAGG, #310705, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| SHARON KING, et al., | ) ) |
| Defendants. | ) ) |

Case No. 1:22-cv-263-WHA-CWB

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, an inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action on April 24, 2022. (Doc. 1). Upon review of the complaint,[1] the undersigned RECOMMENDS that this case be DISMISSED prior to service of process.[2]

**I.    Plaintiff's Complaint**

The complaint alleges that 13 named defendants at the Houston County Jail assaulted Plaintiff while he was in restraints, took his personal property, and placed him in lockdown without a timely hearing. (Doc. 1 at pp. 2-3). Plaintiff seeks injunctive and declaratory relief, along with

---

[1] Because Plaintiff is proceeding *in forma pauperis*, the court is required to review the complaint under 28 U.S.C. § 1915(e)(2)(B) and, because Plaintiff seeks redress from a governmental entity, officer, or employee, the court additionally must review the complaint under 28 U.S.C. § 1915A. Both statutes obligate the court to dismiss a complaint, either in whole or part, if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

[2] The complaint contains additional deficiencies not discussed herein, including that it names defendants not subject to suit under § 1983 and refers to all 13 named defendants collectively—rendering it impossible to determine which defendants are allegedly responsible for which conduct. Because analysis of the applicable statute of limitations is dispositive of the complaint as a whole, the court need not address any other deficiencies.

punitive damages.  (*Id.* at p. 4).   Plaintiff asserts that the events giving rise to his claims occurred on November 16, 2019.  (*Id*. at pp. 2, 3).

**II.     Discussion**

"All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted). The governing limitations period in Alabama is two years. *Id.* (citing Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989)).  Generally, the limitations period begins to run from the date "the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (citing *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996)).

By Plaintiff's own admission, the events with which he takes issue occurred on November 16, 2019.  However, Plaintiff did not file this action until April 24, 2022, which was more than five months after the limitations period expired.[3]  It thus is clear from the face of the complaint that this action is time-barred and should be dismissed. *See Baldwin Cnty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984) ("Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.").

---

[3] Upon review of court records, it appears that Plaintiff originally filed an identical complaint in November 2021 that was docketed as Case No. 1:21-cv-763-WHA-SRW.  That action was dismissed without prejudice due to Plaintiff's failure to pay an initial partial filing fee as directed. (*See* Case No. 1:21-cv-763-WHA-SRW at Docs. 12-14).  Plaintiff then filed the same form complaint in April 2022 to initiate the instant proceedings.  (*See* Doc. 1).  Only the date of the April 2022 filing is now relevant for purposes of evaluating timeliness. *See Blanchard v. Walker*, No. 2:20-cv-696-WKW, 2022 WL 3230426, at *2 (M.D. Ala. Aug. 10, 2022).

**III.     Conclusion**

Accordingly, for the reasons set forth above, the undersigned RECOMMENDS that this action be DISMISSED as time-barred.[4]

It is further ORDERED that, by September 7, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 24th day of August 2022.

_____
CHAD W. BRYAN
UNITED STATES MAGISTRATE JUDGE

---

[4] Courts may dismiss a *pro se* complaint without affording an opportunity to amend when it is clear that a potential amendment would be futile. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment … where amendment would be futile."); *Troville v. Venz*, 303 F.3d 1256, 1260 (11th Cir. 2002). Because Plaintiff's § 1983 claims are barred by the applicable two-year statute of limitations, the undersigned finds that any amendment would be futile. *See Bowhall v. Dep't of Def.*, No. 2:10-cv-607, 2010 WL 4806970, at *4 (M.D. Ala. Sept. 22, 2010) (noting that, because plaintiff's claims were clearly barred by Alabama's two-year statute of limitations, they warranted dismissal as frivolous and any amendment to the pleading would be futile).